# FIFTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

Case Nos. 5D2025-1725
5D2025-1736
LT Case No. 18-2024-CA-166

FLORIDA DEPARTMENT of
ENVIRONMENTAL PROTECTION,
DIVISION of RECREATION and
PARKS, and FLORIDA
DEPARTMENT of
TRANSPORTATION,

Appellants,

v.

ESTATE of JANA SOPHIE ZOLL, by
and through its Personal
Representative, MICHAEL J.
ZOLL, and SHYLA D.MEECE,

Appellees.

Nonfinal appeal from the Circuit Court for Flagler County.
Christopher A. France, Judge.

Brian C. Keri, Tallahassee, for Appellant, Department of
Environmental Protection.

Jami M. Kimbrell, of Howell, Buchan & Strong, for
Appellant, Florida Department of Transportation.

Bonnie J. Jackson and Michael R. Jackson, of Jackson Law
International, Maitland, for Appellee, Estate of Jana Sophie
Zoll.

T. Sydnor Kerns, Jr., Michael Fox Orr, and Loreyn P. Raab, of Orr Cook, Jacksonville, for Appellee, Shyla D. Meece.

No Appearance for Remaining Appellees.

July 31, 2026

HARRIS, J.

In these consolidated appeals, the Florida Department of Environmental Protection, Division of Recreation and Parks ("FDEP"), and the Florida Department of Transportation ("FDOT") (collectively, "Appellants"), appeal the trial court's non-final order denying their motion to dismiss the amended complaint based on sovereign immunity. Appellants argue that the allegations against them arise out of discretionary, planning-level decisions for which they are immune, and that they did not create a known, dangerous condition which was not readily apparent to a person who could be injured by the condition. We agree that the trial court erred in denying the motion to dismiss, and reverse and remand with instructions to grant Appellants' motion to dismiss the amended complaint.

On July 29, 2024, Appellee, the Estate of Jana Sophie Zoll (the "Estate"), filed an amended complaint against FDOT, FDEP, and Shyla Meece[1] for the wrongful death of Jana Sophie Zoll. Zoll, a 15-year old exchange student from Germany, was camping with her host family in March of 2022 at the Gamble Rogers Memorial State Recreation Area at Flagler Beach ("Gamble Rogers"). Gamble Rogers consists of two separate campgrounds: the Beachside Camping Area ("Beachside") on the Atlantic Ocean and the Riverside Camping Area ("Riverside") on the Intracoastal Waterway. The campgrounds are separated by State Road A1A. On March 21, 2022, Zoll walked to Beachside to watch the sunset, and then began her walk back across A1A to Riverside using the designated crosswalk. While Zoll was walking across the road, she

---

[1] Meece is not involved in this appeal.

2

was struck by a vehicle driven by Meece and she died as a result of the collision.

Relevant to this appeal, the amended complaint contained the following allegations against Appellants:

> 29. Defendants, FDOT and FDEP, knowingly created, developed, and expanded the campgrounds and recreation areas of Beachside and Riverside with the knowledge that visitors would walk back and forth across the Highway to enjoy the beach, the Atlantic Ocean, the Intracoastal Waterway, the variety of plant and animal species, as well as other resource-based recreational activities, such as hiking, biking, boating, paddling, fishing and camping.
>
> 30. In so doing, Defendants, FDOT and FDEP, created a danger to pedestrians when crossing the Highway between Beachside and Riverside, and this danger is especially acute after dark.
>
> 31. Defendants, FDOT and FDEP, also created an inherently dangerous intersection at Gamble Rogers State Recreation Area.
>
> 32. The intersection does not contain any natural illumination after dark, and there are no traffic signals or any artificial illumination to warn pedestrians.
>
> 33. Also, the wideness of the Highway at the intersection prolongs the exposure of pedestrians to motor vehicles.
>
> 34. The inherent danger of the intersection at Gamble Rogers State Recreation Area was known to Defendants, FDOT and FDEP.
>
> . . . .

39. As a direct and proximate result of Defendants' failure to avert the dangers or to adequately warn pedestrians of the inherent danger, Jana Sophie Zoll was struck, suffered severe bodily injuries, and died.

Appellants filed a motion to dismiss the amended complaint, arguing, inter alia, that they are entitled to sovereign immunity under section 768.28, Florida Statutes, because the alleged tortious conduct arose from decisions of governmental authorities which are inherent in the act of governing. Specifically, they argued that their construction and maintenance of the roadway and Gamble Rogers are functions of planning-level decision-making.

The Estate filed a response in opposition to the motion to dismiss, arguing that Appellants could not raise the affirmative defense of sovereign immunity where the complaint did not establish its applicability; and sovereign immunity does not apply because Appellants created and had knowledge of an inherently dangerous condition of which they failed to warn Zoll, thus subjecting themselves to liability. Following a hearing, the court entered an order denying the motion to dismiss without elaboration. This appeal followed.

An appellate court reviews de novo a trial court's order denying a motion to dismiss based on sovereign immunity. *See Miami-Dade County. v. Perez*, 343 So. 3d 175, 176 n.1 (Fla. 3d DCA 2022). "[B]ecause sovereign immunity includes immunity from suit, entitlement to sovereign immunity should be established as early in the litigation as possible." *Fla. Highway Patrol v. Jackson*, 288 So. 3d 1179, 1185 (Fla. 2020). Sovereign immunity may properly be considered on a motion to dismiss if the complaint conclusively establishes its applicability. *See City of Tampa v. Fredrick*, 369 So. 3d 1197, 1199 (Fla. 2d DCA 2023). "In considering a motion to dismiss, the trial court is bound by the four corners of the complaint and any attachments; it must accept as true the well-pled allegations of the complaint, and consider those allegations in a light most favorable to the plaintiff." *Perez*, 343 So. 3d at 177 n.2.

4

The State and its agencies are entitled to "absolute sovereign immunity. . . absent waiver by legislative enactment or constitutional amendment." *Orlando v. Broward County.*, 920 So. 2d 54, 57 (Fla. 4th DCA 2005) (quoting *Cir. Ct. of Twelfth Jud. Cir. V. Dep't of Nat. Res.*, 339 So. 2d 1113, 1114 (Fla. 1975)); "[P]lanning or judgmental governmental functions cannot be the subject of traditional tort liability," as they do not fall within the ambit of waiver provisions of section 768.28, but decisions made at the operation level—decisions that implement policy, planning, or judgmental governmental functions—generally do not enjoy sovereign immunity. *Com. Carrier Corp. v. Indian River County.*, 371 So. 2d 1010, 1020 (Fla. 1979); *Sanchez v. Miami-Dade County.*, 245 So. 3d 933, 936 (Fla. 3d DCA 2018); *Krol v. City of Orlando*, 778 So. 2d 490, 492 (Fla. 5th DCA 2001).

The allegations contained in the Estate's amended complaint include that Appellants "knowingly created, developed, and expanded the campgrounds and recreation areas of Beachside and Riverside with the knowledge that visitors would walk back and forth across the Highway[,]" Appellants "created an inherently dangerous intersection at Gamble Rogers" that does not contain any illumination after dark or traffic signals, and that Appellants knew of the inherent danger of the intersection. The Estate therefore seeks liability against Appellants for their planning decision in designing the park's division between A1A and in installing or declining to install traffic control devices along the crosswalk connecting the two recreational areas.

The creation and design of Gamble Rogers, specifically its division by A1A, is a discretionary, planning-level function. *See State, Dep't of Transp. v. City of Pembroke Pines*, 67 So. 3d 1162, 1164 (Fla. 4th DCA 2011) ("Design defects inherent in the overall plan are to be afforded sovereign immunity."). Additionally, a governmental entity's decision to build a road or its design of the road is a planning-level function that provides immunity from tort liability, as is the decision to provide or to not provide traffic signaling. *See City of Hialeah Gardens v. Castellanos*, 429 So. 3d 151, 154 (Fla. 3d DCA 2026); *Dep't of Transp. v. Neilson*, 419 So. 2d 1071, 1078 (Fla. 1982) (holding the "failure by the governmental entity to upgrade and reconstruct the intersection and install

5

additional traffic control devices to meet present needs" was not actionable); *State, Dep't of Transp. v. Vega*, 414 So. 2d 559 (Fla. 3d DCA 1982) (holding placement or non-placement of traffic control signals or pedestrian control signals is a planning-level function); *Ingham v. State Dep't of Transp.,* 399 So. 2d 1028 (Fla. 1st DCA 1981).

The Estate emphasizes that the proceedings were at the motion to dismiss stage, and that its complaint sufficiently alleged that Appellants knowingly created a dangerous condition at the intersection of Gamble Rogers and failed to avert the dangers or warn pedestrians of such dangers. *See Fredrick*, 369 So. 3d at 1200 (upholding denial of motion to dismiss based on sovereign immunity where complaint alleged city failed to execute operational function of warning citizens of dangerous condition it created, and facts pleaded did not conclusively establish that claims were barred as a matter of law). However, the Estate's complaint specifically alleged that the purported dangerous condition was Appellants' decision to design and implement a park divided by a highway, and the lack of lights or traffic signals along the intersection or designated crosswalk.

Thus, confining our analysis to the four corners of the complaint and accepting the allegations as true, we find that the allegations conclusively establish that sovereign immunity applies and bars the Estate's claims against Appellants. We therefore reverse the order denying Appellants' motion to dismiss and remand with instructions to grant the motion to dismiss the amended complaint.

REVERSED and REMANDED with instructions.


EDWARDS and BOATWRIGHT, JJ., concur.

6

*Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.*